# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANITA PURYEAR** | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 11-3640** |
| | * | |
| **TINA SHRADER, et al.** | * | |
| Defendants. | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Anita Puryear, a former employee of the United States Department of Agriculture ("USDA"), has sued Tina Shrader, Vicky Crone, the USDA, and Thomas J. Vilsack, Secretary of the USDA, alleging (1) failure to accommodate her disability and (2) harassment based on her disability. The USDA and Vilsack, on behalf of all Defendants, have filed a Motion to Dismiss, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative for Summary Judgment, under Fed. R. Civ. P. 56(c), which Puryear opposes.

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss. Their Motion for Summary Judgment is **MOOT.**

\* \* \*

Rule 12(b)(1) governs lack of subject matter jurisdiction. The failure to exhaust administrative remedies is properly challenged via this rule. *See Khoury v. Meserve,* 268 F. Supp. 2d 600 (D. Md. 2003). The plaintiff bears the burden of proving that jurisdiction exists in federal court. *See Evans v. B.F. Perkins Co., a Division of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir.1999). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help

determine whether it has jurisdiction over the case before it. *Id.* at 647; *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir.1991). A court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* at 768.

A motion to dismiss under Rule 12(b)(6) is for failure to state a claim, and it tests the sufficiency of a complaint, but does not resolve factual contests, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering such a motion, the district court accepts the well-pleaded allegations in the complaint, and draws any reasonable factual inferences in favor of the plaintiff. *See Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 406 (4th Cir. 2002). The court should only grant a motion to dismiss if the plaintiff cannot provide enough factual support to establish a facially plausible claim or create a reasonable inference of defendant's culpability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* Plaintiffs such as Puryear are held to a less stringent standard than a plaintiff with a lawyer. However, it is incumbent on the district court to dismiss the complaint if it lacks jurisdiction, and no plaintiff is exempt from the requirement that a complaint contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of [a] cause of action." *Twombly*, 550 U.S. at 555; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

\* \* \*

Shrader was a library technician at the USDA's National Agricultural Library in Beltsville, Maryland. She alleges that the USDA failed to accommodate her disability and

harassed her based on her disability, from around 2006 to 2009.[1]  The Complaint follows two

prior administrative actions Puryear filed, the first on October 6, 2008, and the second on June

16, 2009.[2]  The Complaint does not specify a statutory basis, but the Court finds it is properly

understood as a claim under the Rehabilitation Act, 29 U.S.C. § 701.  Title VII governs the

procedural framework of Rehabilitation Act claims.  *See* 42 U.S.C. § 12117(a).

\* \* \*

Defendants argue that Puryear's Complaint against Shrader and Crone should be

dismissed because as individual supervisors they are not proper defendants to such an action.

Puryear does not address this issue in her response. The Court agrees with Defendants. Under

Title VII the only proper defendants to federal-sector employment discrimination suits are the

head of the department, agency, or unit.  42 U.S.C. § 2000e-16(c); *see also Bissell v. Reno,* 74 F.

Supp. 2d 521 (D. Md. 1999) (noting individual supervisors are not proper defendants).  Shrader

and Crone as individual supervisors are not subject to suit and the claims against them must be

dismissed

Defendants also argue that the case should be dismissed as to USDA and Vilsack

because Puryear's claims against them are untimely.   The general rule is that once an

administrative appeal is taken, any civil lawsuit must be filed (1) within 90 days of a final

decision on appeal or (2) 180 days after the filing of the appeal. 29 C.F.R. 1614.407(c) & (d).

---

[1]  The claimed "disability" appears to relate to thyroid disease and accompanying symptoms,
including chronic chest pain, shortness of breath, heart palpitations and weight loss.
[2]  Puryear references and attaches to her Complaint the August 12, 2011 Equal Employment
Opportunity Commission ("EEOC") decision denying her motion for reconsideration in the 2008
administrative case.  The 2009 administrative case is not explicitly referenced in the Complaint,
but the post-July 2008 behavior Puryear cites in the Complaint is the same behavior she cited in
her 2009 Administrative Complaint.

Defendants assert that the 2008 administrative case claims are time-barred because they were filed too late. Puryear does not address this matter in her response. It is clear, however, from the EEOC decision denying Puryear's motion for reconsideration that these claims are indeed untimely. The EEOC's decision is dated August 12, 2011. At most, Puryear is presumed to have received the decision three days later, i.e., on August 15, 2011. *See* Fed. R. Civ. P. 6(e). With 90 days to commence a civil action, Puryear needed to file by November 15, 2011. Because she did not file until November 28, 2011, any claims related to the 2008 administrative case come too late, and the Court must dismiss for lack of jurisdiction.

Defendants argue that Puryear's claims related to the 2009 administrative case have the opposite problem—that they were filed too soon; that is, before Puryear exhausted her administrative remedies. Again, Puryear does not address this issue in her response. But again, the administrative record is dispositive: Puryear filed an appeal in the 2009 administrative case to the EEOC on July 26, 2011, but, while that appeal was still pending, filed this case on November 28, 2011, i.e., 125 days after filing her appeal. Because Puryear had not received a decision on her appeal, and because 180 days had not yet elapsed when she filed suit, the Court did not have jurisdiction over these claims when the suit was filed. *See also Avery v. Astrue,* 2012 WL 1554646, at *3 (D. Md. Apr. 27, 2012). Dismissal as to these claims is also proper.

* * *

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.** Defendants' Motion for Summary Judgment is **MOOT.**

A separate Order will **ISSUE.**

_____**/s/**_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**April  30th, 2013**